[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-16119
Non-Argument Calendar
_____

D.C. Docket No. 6:11-cr-00037-GAP-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DANIEL MARTINEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(November 20, 2012)

Before PRYOR, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Daniel Martinez appeals his convictions for possessing with intent to distribute and manufacture marijuana, 21 U.S.C. § 841(a)(1), (b)(1)(D), possessing of a firearm in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c)(1)(A), (c)(2), and possessing a firearm and ammunition as a convicted felon, id. §§ 922(g)(1), 924(a)(2).  Martinez argues that the district court should have granted his motion to suppress evidence seized during execution of a search warrant because there were false statements in the underlying affidavit.  We affirm.

On denial of a motion to suppress, we review findings of fact for clear error and the application of law to those facts de novo.  United States v. Spoerke, 568 F.3d 1236, 1244 (11th Cir. 2009).  We construe all facts in the light most favorable to the United States, id., and defer to the findings of the district court, including those involving the credibility of witnesses, "unless [its] understanding of the facts appears to be unbelievable."  United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (internal quotation marks omitted).

The district court did not err by denying Martinez's motion to suppress.  Detective Matthew Ochiuzzo's affidavit provided probable cause to issue a warrant to search Martinez's residence for marijuana.  See United States v. Lueck, 678 F.2d 895, 903 (11th Cir. 1982).  Ochiuzzo's affidavit stated that, while he stood "at the front door of the target residence, [he] and Detective [Christopher]

2

Carty immediately smelled the odor of fresh cannabis omitting from inside of the target residence"; based on "his training and experience" he knew from the "concentrated smell" that the residence contained a "large quantity of fresh cannabis"; and he could distinguish between "fresh cannabis [which] has a much stronger [odor] than that of burnt cannabis cigarette."  Although Ochiuzzo averred that he acted on an "anonymous tip from a Confidential Source" that the residence was a marijuana grow house, and Ochiuzzo later testified that he acted on a tip from an undercover agent, that discrepancy was immaterial.  See United States v. Ofshe, 817 F.2d 1508, 1513 (11th Cir. 1987).  Ochiuzzo's affidavit did not contain a "deliberate falsehood."  Franks v. Delaware, 438 U.S. 154, 171, 98 S. Ct. 2674, 2684 (1978).  Ochiuzzo testified that he considered the agent a "confidential source" because "there was confusion about whether [he needed to] protect[] the identity of the agent[]."  And the district court did not clearly err by crediting Ochiuzzo's and Carty's testimony about the smell of marijuana.  Although three other officers testified that they did not smell marijuana while waiting to execute the search warrant, those officers stated that they waited in the driveway and on the sidewalk some 15 to 25 feet away from the house.

We **AFFIRM** Martinez's convictions.

3